J-S44011-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| TIMOTHY DOCKERY | : | |
| Appellant | : | No. 2983 EDA 2022 |

Appeal from the PCRA Order Entered October 17, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0742101-1989

BEFORE: OLSON, J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY OLSON, J.: **FILED DECEMBER 15, 2023**

Appellant, Timothy Dockery, appeals *pro se* from the order entered on October 17, 2022, which dismissed his sixth petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

This Court summarized the factual and procedural history of the case leading up to the dismissal of Appellant's fourth PCRA petition:

> On May 19, 1988, Appellant and his brother, Laverne Dockery, entered a Philadelphia residence armed with automatic weapons. The Dockery brothers shot and killed Gregory Tutt, Hassan Uqdah, James Saunders, and Dawn Gross.
>
> [On February 6, 1991, a jury found Appellant guilty of four counts of second-degree murder and one count each of burglary, conspiracy, and possessing an instrument of crime.] The trial court sentenced Appellant to an aggregate term of life imprisonment without the possibility of parole.

---

[*] Retired Senior Judge assigned to the Superior Court.

On June 2, 1992, this Court affirmed the judgment of sentence. **Commonwealth v. Dockery**, 613 A.2d 1259 (Pa. Super. 1992) (unpublished memorandum). Appellant did not file a petition for allowance of appeal with our Supreme Court.

On May 19, 1994, Appellant filed a *pro se* PCRA petition. Counsel was appointed and filed an amended petition. On May 23, 1996, the PCRA court dismissed Appellant's first PCRA petition without an evidentiary hearing. This Court affirmed the dismissal and our Supreme Court denied allowance of appeal. **See Commonwealth v. Dockery**, 701 A.2d 776 (Pa. Super. 1997) (unpublished memorandum), *appeal denied*, 723 A.2d 669 (Pa. 1998). . . .

On March 8, 1999, Appellant filed a second *pro se* PCRA petition. On March 24, 1999, the PCRA court dismissed Appellant's second PCRA petition as untimely. This Court affirmed the dismissal. **See Commonwealth v. Dockery**, 803 A.2d 790 (Pa. Super. 2002) (unpublished memorandum). . . .

On May 20, 2008, Appellant filed his third *pro se* PCRA petition. On May 12, 2009, the PCRA court dismissed the petition as untimely. Appellant did not appeal that determination.

On December 15, 2014, Appellant filed [] his fourth, *pro se*[,] PCRA petition. . . . On September 3, 2015, the PCRA court dismissed the petition without an evidentiary hearing[. This Court affirmed the PCRA court's order on January 6, 2017, and, on August 1, 2017, the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal. **Commonwealth v. Dockery**, 160 A.3d 245 (Pa. Super. 2017), *appeal denied*, 169 A.3d 1076 (Pa. 2017).

**Commonwealth v. Dockery**, 160 A.3d 245 (Pa. Super. 2017) (unpublished memorandum), *appeal denied*, 169 A.3d 1076 (Pa. 2017).

Appellant's fifth PCRA petition was filed on January 8, 2018 and dismissed on August 13, 2018. Although Appellant filed a timely notice of

appeal from that order, Appellant later discontinued his appeal. ***See*** Appellant's *Praecipe* to Discontinue, 11/28/18, at 1.

Appellant filed the current PCRA petition – his sixth – on April 1, 2019. As the PCRA court explained:

> [After filing his sixth petition *pro se*, Appellant] retained Attorney Cheryl J. Sturm, Esq.[,] who filed a counseled amended [sixth] PCRA petition on March 2, 2021. In the counseled amended petition, [Appellant] raised two claims: (1) [Appellant's] constitutional rights were violated because the Commonwealth did not disclose the full scope of [co-defendant Timothy Quattlebaum's ("Co-Defendant Quattlebaum")] cooperation agreement – namely, that he would serve only six years in prison rather than the [ten] to 20 year sentence alluded to during trial; and (2) Appellant's constitutional rights were violated because only hearsay testimony was presented at the preliminary hearing.
>
> In the counseled amended petition, [Appellant] claims that the petition is timely because the claims: (1) are premised upon the newly discovered recantation evidence set forth in the 2016 [affidavit sworn by Co-Defendant Quattlebaum]; and, (2) governmental interference resulted in [Appellant] not discovering the basis of these claims. Seven weeks [] after filing the amended petition, Attorney Sturm filed a [petition] for leave to withdraw as counsel. Attorney Sturm and [Appellant] (filing *pro se*) both supplemented the [petition] to withdraw. On July 28, 2021, [the PCRA] court granted Attorney Sturm leave to withdraw and appointed James Lloyd, Esq. [("Attorney Lloyd")], [as] counsel to represent [Appellant] with respect to the current PCRA proceedings.

PCRA Court Opinion, 3/3/23, at 12.

On March 24, 2022, however, Attorney Lloyd filed a petition to withdraw as counsel and a no-merit letter pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988) and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.

Super. 1988) (*en banc*). On September 27, 2022, the PCRA court granted counsel leave to withdraw and issued Appellant notice that it intended to dismiss his petition in 20 days without holding a hearing. ***See*** PCRA Court Order, 9/27/22, at 1-3; ***see also*** Pa.R.Crim.P. 907(1). The PCRA court finally dismissed Appellant's petition on October 17, 2022. PCRA Court Order, 10/17/22, at 1. Appellant filed a timely notice of appeal from this order. We now affirm the dismissal of Appellant's untimely, serial PCRA petition.

"As a general proposition, we review a denial of PCRA relief to determine whether the findings of the PCRA court are supported by the record and free of legal error." ***Commonwealth v. Eichinger***, 108 A.3d 821, 830 (Pa. 2014).

Before this Court may address the substance of Appellant's claims, we must first determine if this petition is timely.

> [The PCRA requires] a petitioner to file any PCRA petition within one year of the date the judgment of sentence becomes final. A judgment of sentence becomes final at the conclusion of direct review . . . or at the expiration of time for seeking review.
>
> . . .
>
> However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii), are met. A petition invoking one of these exceptions must be filed within [one year] of the date the claim could first have been presented. In order to be entitled to the exceptions to the PCRA's one-year filing deadline, the petitioner must plead and prove specific facts that demonstrate his claim was raised within the [one-year] timeframe.

*See Commonwealth v. Lawson*, 90 A.3d 1, 4-5 (Pa. Super. 2014) (quotation marks and some citations omitted).

We affirmed Appellant's judgment of sentence on June 2, 1992 and Appellant did not file a petition for allowance of appeal with the Pennsylvania Supreme Court. *Commonwealth v. Dockery*, 613 A.2d 1259 (Pa. Super. 1992) (unpublished memorandum). Thus, Appellant's judgment of sentence became final at the end of the day on July 2, 1992. *See*, *e.g.*, Pa.R.A.P. 903(a). Since the PCRA requires that a petition be filed "within one year of the date the judgment becomes final," Appellant had until July 2, 1993 to file a timely PCRA petition. *See* 42 Pa.C.S.A. § 9545(b)(1). Therefore, Appellant's current petition, which was filed on April 1, 2019, is patently untimely and the burden thus fell upon Appellant to plead and prove that one of the enumerated exceptions to the one-year time-bar applied to his case. *See* 42 Pa.C.S.A. § 9545(b)(1); *Commonwealth v. Perrin*, 947 A.2d 1284, 1286 (Pa. Super. 2008) (to properly invoke a statutory exception to the one-year time-bar, the PCRA demands that the petitioner properly plead and prove all required elements of the relied-upon exception).

Appellant purports to invoke the "newly discovered facts" and "governmental interference" exceptions to the time-bar. These statutory exceptions provide:

> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

- 5 -

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]
>
> . . .
>
> (2) Any petition invoking an exception provided in paragraph (1) shall be filed within one year of the date the claim could have been presented.

42 Pa.C.S.A. § 9545(b).

To successfully invoke the governmental interference exception, a "petitioner must plead and prove the failure to previously raise the [underlying] claim was the result of interference by government officials, and the information could not have been obtained earlier with the exercise of due diligence." ***Commonwealth v. Abu-Jamal***, 941 A.2d 1263, 1268 (Pa. 2008).

Regarding the newly discovered evidence exception, our Supreme Court has explained:

> subsection (b)(1)(ii) has two components, which must be alleged and proved. Namely, the petitioner must establish that: 1) "the facts upon which the claim was predicated were unknown" and (2) "could not have been ascertained by the exercise of due diligence." 42 Pa.C.S.A. § 9545(b)(1)(ii)(emphasis added). If the petitioner alleges and proves these two components, then the PCRA court has jurisdiction over the claim under this subsection.

- 6 -

*Commonwealth v. Bennett*, 930 A.2d 1264, 1272 (Pa. 2007) (emphasis omitted).

Further, to properly invoke either exception, the petitioner is statutorily required to file his petition "within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b). As our Supreme Court explained, to satisfy this "one year requirement," a petitioner must "plead and prove that the information on which he relies could not have been obtained earlier, despite the exercise of due diligence." *See Commonwealth v. Stokes*, 959 A.2d 306, 310-311 (Pa. 2008); *Commonwealth v. Breakiron*, 781 A.2d 94, 98 (Pa. 2001). Moreover, because the "one year requirement" of section 9545(b)(2) is a statutory mandate, the requirement is "strictly enforced." *See Commonwealth v. Monaco*, 996 A.2d 1076, 1080 (Pa. Super. 2010).

The PCRA court ably explained why Appellant's claims are time-barred:

> [Appellant's claims are] premised upon unknown benefits granted to [Co-Defendant Quattlebaum] in exchange for [Co-Defendant Quattlebaum's] trial testimony[. These claims were] arguably not discovered by [Appellant] until he received [Co-Defendant Quattlebaum's] affidavit (dated March 18, 2016) until sometime in 2016. One key portion of this new fact – namely, that [Co-Defendant Quattlebaum] only served six years in prison for his conviction for four murders – was apparently known to [Appellant] in 2005 according to his third *pro se* PCRA petition. However, [Co-Defendant Quattlebaum's] affidavit indisputably contains additional exculpatory information as it includes a recantation of his trial testimony and the motive for providing false testimony against [Appellant] at trial. Indeed, in the 2016 affidavit, [Co-Defendant Quattlebaum] admits that he leveled false allegations against [Appellant] in order to secure a secret deal with the district attorney to avoid a lengthy prison

sentence for other crimes in a separate indictment pending against him for an "auto theft ring" he was involved in. [Co-Defendant Quattlebaum] further explained that the lies aided him in exacting revenge against [Appellant] and his co-defendant/brother because [Appellant] refused to bail [Co-Defendant Quattlebaum] out of county jail. [Co-Defendant Quattlebaum] admits that he harbored further animosity against the Dockerys because [Appellant's] co-defendant/brother had an affair with [Co-Defendant Quattlebaum's] wife. This infidelity was especially offensive to [Co-Defendant Quattlebaum] because Laverne Dockery was cheating on [Co-Defendant Quattlebaum's] sister by engaging in the affair at the time of the murders. . . .

Appellant received [Co-Defendant Quattlebaum's] affidavit – and thus new facts – while the appeal of the order dismissing his fourth PCRA petition was pending. In his petition for leave to file a second or subsequent [petition] in federal court, [Appellant] averred that he "discovered the new evidence contained in [Co-Defendant Quattlebaum's] affidavit on March 18, 2016." The appeal was finally resolved on August 1, 2017, when the Supreme Court denied allocator. Thus, on August 2, 2017, there were no appeals pending in this matter . . . for the first time since September 30, 2015 – *i.e.*, before [Appellant] received [Co-Defendant Quattlebaum's] affidavit. . . .

Accordingly, [Appellant's] first opportunity to raise a PCRA claim as a result of the discovery of the new information in [Co-Defendant Quattlebaum's] affidavit – which [Appellant] claims was withheld from him as a result of governmental interference – was on August 2, 2017. . . . [Appellant] did not file the [current PCRA petition] until April 1, 2019. Accordingly, the petition does not fall within the timeliness exception provided in [Section] 9545(b)(i) or (ii).

PCRA Court Opinion, 3/3/23, at 19-21.

We agree with the PCRA court's able analysis and conclude that, since Appellant failed to plead a valid exception to the PCRA's time-bar, Appellant's petition is time-barred and our "courts are without jurisdiction to offer

[Appellant] any form of relief." *Commonwealth v. Jackson*, 30 A.3d 516, 523 (Pa. Super. 2011). We thus affirm the PCRA court's order, which dismissed Appellant's sixth PCRA petition without a hearing.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/15/2023